## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IAN BISHOP, on behalf of himself and all others similarly situated,<br><br>                      **Plaintiff,**<br><br>      v.<br><br>**STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), STRATEGIC CLIENT SUPPORT, LLC (f/k/a PIONEER CLIENT SERVICES, LLC), STRATEGIC CS, LLC, STRATEGIC FS BUFFALO, LLC, STRATEGIC NYC, LLC, BCF CAPITAL, LLC, T FIN, LLC, STRATEGIC CONSULTING, LLC d/b/a STRATEGIC FINANCIAL SOLUTIONS NY, VERSARA LENDING, LLC, STRATEGIC FAMILY, INC., ANCHOR CLIENT SERVICES, LLC (NOW KNOWN AS CS 1 PAAS SERVICES, LLC), BEDROCK CLIENT SERVICES, LLC, BOULDER CLIENT SERVICES, LLC, CANYON CLIENT SERVICES, LLC, CAROLINA CLIENT SERVICES, LLC, GREAT LAKES CLIENT SERVICES, LLC, GUIDESTONE CLIENT SERVICES, LLC, HARBOR CLIENT SERVICES, LLC, HEARTLAND CLIENT SERVICES, LLC, MONARCH CLIENT SERVICES, LLC (NOW KNOWN AS CS 2 PAAS SERVICES, LLC), NEWPORT CLIENT SERVICES, LLC, NORTHSTAR CLIENT SERVICES, LLC, OPTION 1 CLIENT SERVICES, LLC, PIONEER CLIENT SERVICING, LLC, ROCKWELL CLIENT SERVICES, LLC, ROYAL CLIENT SERVICES, LLC, STONEPOINT CLIENT SERVICES, LLC, SUMMIT CLIENT SERVICES, LLC (NOW KNOWN AS CS 3 PAAS SERVICES, LLC), and WHITESTONE CLIENT SERVICES, LLC,**<br><br>                      **Defendants.** | CASE NO. _____ |

**CLASS ACTION COMPLAINT FOR (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.* AND (2) VIOLATION OF NEW YORK WARN ACT, NYLL § 860 *et seq.*** 

Plaintiff Ian Bishop ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees, by way of his Class Action Complaint against StratFS, LLC (f/k/a Strategic Financial Solutions, LLC), Strategic Client Support, LLC (f/k/a Pioneer Client Support, LLC), Strategic CS, LLC, Strategic FS Buffalo, LLC, Strategic NYC, LLC, BCF Capital, LLC, T Fin, LLC, Strategic Consulting, LLC d/b/a Strategic Financial Solutions NY, Versara Lending, LLC, Strategic Family, Inc. (collectively, SFS), Anchor Client Services, LLC (now known as CS 1 PAAS Services, LLC), Bedrock Client Services, LLC, Boulder Client Services, LLC, Canyon Client Services, LLC, Carolina Client Services, LLC, Great Lakes Client Services, LLC, Guidestone Client Services, LLC, Harbor Client Services, LLC, Heartland Client Services, LLC, Monarch Client Services, LLC (not known as CS 2 PAAS Services, LLC), Newport Client Services, LLC, Northstar Client Services, LLC, Option 1 Client Services, LLC, Pioneer Client Servicing, LLC, Rockwell Client Services, LLC, Royal Client Services, LLC, Stonepoint Client Services, LLC, Summit Client Services, LLC (now known as CS 3 PAAS Services, LLC), and Whitestone Client Services, LLC (collectively, "Defendant" or "SFS"), as follows:

## NATURE OF THE ACTION

1. Since at least January 2016, Defendants have operated a debt-relief enterprise that collects fees from consumers faced with financial difficulties.

2. SFS employed approximately 800 persons at, or reporting to, its facilities in New York State until January 12, 2024.

3. On that date, approximately ten state troopers, security officers with guns, Information Technology specialists, and the receiver, Thomas McNamara, entered SFS's Buffalo

facility, locked the data rooms, took down the network, and ordered the employees off the premises, without explaining what was happening, except for those who were kept for hours of questioning by the receiver.  The employees in SFS's Manhattan facility were simultaneously dismissed.

4. The employees' pay stopped as of January 12, 2024, except for a handful of managers who were kept on for a few days.  Benefits for some ended on or about March 1, 2024.

5. Since January 12, 2024, nothing was posted online or sent to employees suggesting that their dismissal would temporary or that they would ever be reinstated.

6.  SFS did not provide the employees 60 days' advance written notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., or 90 days' advance written notice, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act"), New York Labor Law ("NYLL") § 860 *et seq*. (cumulatively, the "WARN Acts").

7. Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-g (2), from Defendants.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

9. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

10. Plaintiff resides in the Bronx, New York.

11. Plaintiff was employed by Defendants as a Payments Processor working or based

at their facility located at 711 Third Avenue, 6th Floor, New York, New York (the "Manhattan Facility").

12. Plaintiff was terminated from his employment on or about January 12, 2024, and received neither 90 days' nor 60 days' notice of his termination.

13. On information and belief, beginning on January 12, 2024, other similarly situated employees of Defendants were effectively terminated from their employment without receiving either 90 days' or 60 days' notice from Defendants.

### *Defendants*

14. Upon information and belief and at all relevant times, Defendants provide "financial advisory services" including debt-relief to its customers.

15. Upon information and belief and at all relevant times, Defendants' headquarters are located at 115 Lawrence Bell Drive, Buffalo, New York (the "Buffalo Facility", and together with the Manhattan Facility, the "Facilities").

16. Upon information and belief and at all relevant times, Strategic Family, Inc. is the parent company of the other SFS defendants, including StratFS, LLC (f/k/a Strategic Financial Solutions, LLC), Strategic Client Support, LLC (f/k/a Pioneer Client Services, LLC), Strategic CS, LLC, Strategic FS Buffalo, LLC, Strategic NYC, LLC, BCF Capital, LLC, T Fin, LLC, Versara Lending, LLC, and Strategic Consulting, LLC (d/b/a Strategic Financial Solutions NY) (collectively, "SFS", as defined above).

17. Upon information and belief and at all relevant times, SFS owned the Client Services Subsidiaries that were a part of SFS's common business enterprise, including: Anchor Client Services, LLC (known as CS 1 PAAS Services, LLC); Bedrock Client Services, LLC; Boulder Client Services, LLC; Canyon Client Services, LLC; Carolina Client Services, LLC; Great

Lakes Client Services, LLC; Guidestone Client Services, LLC; Harbor Client Services, LLC; Heartland Client Services, LLC; Monarch Client Services, LLC (known as CS 2 PAAS Services, LLC); Newport Client Services, LLC; Northstar Client Services, LLC; Option 1 Client Services, LLC; Pioneer Client Services, LLC; Rockwell Client Services, LLC; Royal Client Services, LLC; Stonepoint Client Services, LLC; Summit Client Services, LLC (known as CS 3 PAAS Services, LLC); and Whitestone Client Services, LLC.

18. Upon information and belief, SFS's Chief Executive Officer, Ryan Sasson, was a founder of SFS and exercised substantial control over and involvement in the establishment of its business policies and practices, and exercised managerial responsibility and materially participated in the conduct of SFS's affairs.

19. Upon information and belief and at all relevant times, Strategic Family, Inc. conducted business in this district as a common, integrated enterprise with its subsidiaries, with common directors/officers, and exercising centralized, dominating economic and de facto control over them to the point of terminating employees.

20. At all relevant times, Plaintiff and the other similarly situated individuals worked or were based at, or reported to and received assignments from, the Facilities.

21. None of its employees, including Plaintiff, received written notice of their terminations prior to January 12, 2024.

22. Defendants made the decisions that resulted in a mass layoff or shutdown that terminated the employment of Plaintiff and the 800 or so similarly situated former employees without 90 days' or 60 days' advance notice.

**FEDERAL WARN ACT and NEW YORK WARN ACT CLASS ALLEGATIONS**

23. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., and

NYLL § 860 *et seq.*, individually and on behalf of a class of similarly situated persons pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), and pursuant to NYLL § 860-G (7) who worked or were based at, or reported to and received assignments from, the Facilities and were terminated without cause on or about January 12, 2024 and within 90 days of that date, as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants on or about January 12, 2024 (the "WARN Class").

24. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. The precise number and identity of such persons is information within the sole control of Defendants.

25. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his or her termination is contained in the books and records of Defendants.

26. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

> (a) whether the members of the WARN Class were employees of Defendants who worked or were based at, or reported to and received assignments from, the Facilities;
>
> (b) whether Defendants operated as a common business enterprise;
>
> (c) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 90 or 60 days' advance written notice in violation of the WARN Acts; and
>
> (d) whether Defendants unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Acts.

27. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked or was based at, or reported to and received assignments from the Facilities, and were terminated without cause on or about January 12, 2024, due to the mass layoff and/or plant closing ordered by Defendants.

28. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

29. On or about January 12, 2024, Defendants terminated the employment of Plaintiff and similarly situated employees, as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), and NYLL § 860 *et seq.*, for which the affected employees were entitled to receive 90 or 60 days' advance written notice under the WARN Acts. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Acts litigation, when individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

30. Concentrating all the potential litigation concerning the WARN Acts rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Acts rights of all the members of the WARN Class.

31. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF
### Violation of the Federal WARN Act

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

34. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoffs or plant closings at the Facilities.

35. On or about January 12, 2024, Defendants ordered mass layoffs and/or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2)(3).

36. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(3) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at the Facilities.

37. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

38. Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

39.  Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

40.  Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

41.  Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

42.  Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**SECOND CLAIM FOR RELIEF**
**Violation of the New York WARN Act**

43.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.  At all relevant times, Defendants were an individual or private business entity defined as "employer" as defined by § 860-A(3) and 12 NYCRR § 921-1.1(e).

61.  Defendants continued to operate as a business until they decided to order a mass layoff or plant closing at each of the New York Facilities as defined by § 860-A(4)(6) and 12 NYCRR § 921-1.1(m).

62.  Plaintiff and the New York Class Members suffered a termination of employment as defined by § 860-A(2) having been terminated by Defendants without cause on their part.

9

63. Defendants were required by the NY WARN Act to give the Plaintiff and New York Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

64. Defendants failed to give the Plaintiff and New York Class Members written notice that complied with the requirements of the NY WARN Act.

65. Defendants failed to pay the Plaintiff and each of the New York Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and benefits including health and life insurance coverage, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period. § 860-G(2).

**PRAYER FOR RELIEF**

WHISEFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiff as the WARN Class and NY WARN Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel for all class members;

D. A judgment against Defendants in favor of Plaintiff and the this similarly situated former employees equal to the sum of: their unpaid wages, as determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A) and NYLL § 860-g (1)(a);

E.  Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and NYLL § 860-g (7); and

F.  Such other and further relief as this Court may deem just and proper.

DATED: March 8, 2024

/s/   *Jack. A. Raisner*
Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Fax:    (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for the Plaintiff and all others similarly situated*